

# In the United States Court of Federal Claims

No. 16-1073C
Filed: June 9, 2017
NOT FOR PUBLICATION

FILED

JUN - 9 2017

U.S. COURT OF FEDERAL CLAIMS

JEFFREY NATHAN SCHIRRIPA,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

*Pro se*; RCFC (12)(b)(1); Subject-Matter Jurisdiction; RCFC 12(b)(6); Failure to State a Claim; Pre-Award Bid Protest; Unilateral Contract; Fifth Amendment Takings; *In Forma Pauperis*.

*Jeffrey Nathan Schirripa*, Kinnelon, NJ, plaintiff *pro se*.

*Lauren S. Moore,* Trial Attorney, *Steven J. Gillingham*, Assistant Director, *Robert E. Kirschman, Jr*., Director, *Chad A. Readler*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

## I. INTRODUCTION

Plaintiff, Jeffrey N. Schirripa, brings this action alleging pre-award bid protest, breach of contract and takings claims against the United States, seeking to, among other things, enjoin the government from enforcing the Controlled Substances Act in regards to cannabinoids and from pursuing criminal charges against plaintiff. *See generally* Am. Compl. The government has moved to dismiss this action for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted, pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Def. Mot. In addition, plaintiff has filed motions to proceed *in forma pauperis*; for confidential alternative dispute resolution proceedings; for a more definite statement; for joinder of party; for a preliminary injunction; pleading special matters; for leave to file a motion for judgment on the pleadings; for entry of default; and for default judgment. For the reasons discussed below, the Court **GRANTS** the



7016 3010 0000 4308 3556

government's motion to dismiss; **GRANTS** plaintiff's motion to proceed *in forma pauperis*; and **DENIES** as moot plaintiff's remaining motions.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background[1]

Plaintiff *pro se*, Jeffrey Schirripa, commenced this action on December 14, 2016. *See generally* Am. Compl. Plaintiff's amended complaint is difficult to follow. But, it appears that plaintiff seeks certain monetary, declaratory and other injunctive relief in connection with the government's enforcement of the Controlled Substance Act, 21 U.S.C. § 881(a), with respect to cannabinoids. *Id.* at Prayer for Relief.

Specifically, plaintiff alleges that, on January 21, 2015, he mailed a sample of cannabinoids to the United States Department of Justice and the United States District Court for the District of New Jersey. *Id.* at 3. Plaintiff also refers to U.S. Patent No. 6630507 in the amended complaint–a patent issued to Aidan Hampson, Julius Axelrod and Maurizio Grimaldi pertaining to the use of cannabinoids as antioxidants and neuroprotectants. *Id.* at 2. Cannabinoids are found in the plant species cannabis sativa, or marijuana, which is a schedule one controlled substance under the Controlled Substances Act. 21 U.S.C. § 812(c).

On February 18, 2015, the government confirmed receipt of plaintiff's sample and the Department of Justice informed plaintiff that mailing the sample could be construed as a violation of 21 U.S.C. § 844(a), which pertains to the possession of a controlled substance, and/or 18 U.S.C. § 1716, which prohibits knowingly mailing an item defined as nonmailable by the statute. Am. Compl. at 3. Plaintiff alleges that, by acknowledging the medicinal use of cannabinoids in granting U.S. Patent No. 6630507, the government's classification of cannabinoids as a schedule one controlled substance is unconstitutional. *Id.* at 2, 4.

Plaintiff alleges in the amended complaint that he is bringing a pre-award bid protest claim against the government, because "defendant failed to perform the obligatory duty of

[1] The facts recited herein are taken from the amended complaint ("Am. Compl."); the government's renewed motion to dismiss ("Def. Mot."); and plaintiff's response thereto ("Pl. Opp."). Unless otherwise stated herein, the facts are undisputed.

procuring (capturing) plaintiff's property as required by 50 U.S.C.A. § 212." *Id.* at 6.[2] Plaintiff also alleges that he has entered into a unilateral contract with the government, by sending his sample of cannabinoids to the government and the district court. Pl. Opp. at 2. In addition, plaintiff alleges that the government's potential enforcement of the Controlled Substances Act with respect to the sample of cannabinoids that he sent to the government and the district court constitutes a regulatory takings in violation of the Fifth Amendment of the United States Constitution. Am. Compl. at 4.

**B. Procedural History**

On August 26, 2016, plaintiff filed the complaint in this matter. *See generally* Compl. On August 26, 2016, plaintiff filed a motion for leave to proceed *in forma pauperis. See generally* Pl. Mot. to Proceed *In Forma Pauperis.*

On September 19, 2016, plaintiff filed a motion for a confidential alternative dispute resolution. *See generally* Pl. Mot. for Confidential Alternative Disp. Resol. On October 3, 2016, the government filed a response and opposition to plaintiff's motion for confidential alternative resolution. *See generally* Def. Resp. On October 13, 2016, plaintiff filed a reply in support of his motion for a confidential alternative dispute resolution. *See generally* Pl. Reply.

On October 24, 2016, the government filed a motion to dismiss plaintiff's complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(1) and 12(b)(6). *See generally* Def. Initial Mot. On November 4, 2016, plaintiff filed a motion for a more definite statement. *See generally* Pl. Mot. for a More Definite Statement. On November 8, 2016, the Court held plaintiff's motions for confidential alternative

---

[2] Title 50, United States Code, section 212 provides, in relevant part, that:

> Whenever during any insurrection against the Government of the United States . . . , any person, or his agent, attorney, or employee, purchases or acquires, sells or gives, any property of whatsoever kind or description, with intent to use or employ the same, or suffers the same to be used or employed in aiding, abetting, or promoting such insurrection or resistance to the laws . . . all such property shall be lawful subject of prize and capture wherever found; and it shall be the duty of the President to cause the same to be seized, confiscated, and condemned.

50 U.S.C.A. § 212 (West 2017).

dispute resolution and for a more definite statement in abeyance, pending the resolution of defendant's motion to dismiss. *See* Abeyance Order, November 8, 2016.

On December 14, 2016, plaintiff filed an amended complaint. *See generally* Am. Compl. On December 27, 2016, plaintiff filed an initial response and opposition to the government's motion to dismiss. *See generally* Pl. Initial Resp. On January 17, 2017, plaintiff filed a motion for joinder of party. *See generally* Pl. Mot. for Joinder. On January 30, 2017, plaintiff filed a motion for a preliminary injunction. *See generally* Pl. Mot. for Prelim. Inj. On January 31, 2017, the Court held plaintiff's motions in abeyance pending resolution of the government's motion to dismiss. *See* Abeyance Order, January 31, 2017.

On February 2, 2017, the government filed a motion to dismiss plaintiff's amended complaint and a response to plaintiff's motion for joinder. *See generally* Def. Mot. On March 13, 2017, plaintiff filed a response and opposition to the government's renewed motion to dismiss. *See generally* Pl. Opp. On March 27, 2017, the government filed a reply in support of its renewed motion to dismiss the amended complaint. *See generally* Def. Reply.

On February 14, 2017, plaintiff filed a motion pleading special matters. *See generally* Pl. Mot. Pleading Special Matters. On April 10, 2017, plaintiff filed a prayer for leave to file a motion for judgment on the pleadings. *See generally* Pl. Mot. for Leave to File Mot. for Judgment on the Pleadings. On May 5, 2017, plaintiff filed a motion for entry of default. *See generally* Pl. Mot. for Entry of Default. Also on May 5, 2017, plaintiff filed a motion for default judgment. *See generally* Pl. Mot. for Default Judgment.

The government's renewed motion to dismiss having been fully briefed, the Court resolves this pending motion.

## III. LEGAL STANDARDS

### A. *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se*, without the benefit of counsel. And so, plaintiff is "not expected to frame issues with the precision of a common law pleading." *Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987). When determining whether a complaint filed by a *pro se* plaintiff is sufficient to survive a motion to dismiss, this Court affords more leeway under the rules to *pro se* plaintiffs than to plaintiffs who are represented by counsel.

*See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"); *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014). But, while the court applies the pleading requirements leniently, there "'is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his [or her] pleading.'" *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011) (citations omitted) (first set of brackets existing).

In addition, although "a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence . . . . " *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citations omitted). Given this, the Court may excuse ambiguities in the plaintiff's complaint, but the Court does not excuse the complaint's failures. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995); *see also Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) ("[T]he leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements.") (citation omitted).

**B. Jurisdiction And RCFC 12(b)(1)**

When deciding a motion to dismiss upon the ground that the Court does not possess subject-matter jurisdiction pursuant to RCFC 12(b)(1), this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also* RCFC 12(b)(1). But, plaintiff bears the burden of establishing subject-matter jurisdiction, and plaintiff must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). And so, should the Court determine that "it lacks jurisdiction over the subject-matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006) (citations omitted); *see also* RCFC 12(h)(3).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express

> or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2011). The Tucker Act, however, is a "jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976) (citation omitted). And so, to pursue a claim against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States. *Cabral v. United States*, 317 F. App'x 979, 981 (Fed. Cir. 2008) (citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)); *Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005). "[A] statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" *Fisher*, 402 F.3d at 1173 (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)) (brackets in original).

**C. RCFC 12(b)(6)**

When deciding a motion to dismiss based upon failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6), this Court must also assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Erickson*, 551 U.S. at 94. In order to survive a motion to dismiss under RCFC 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When the complaint fails to "state a claim to relief that is plausible on its face," the Court must dismiss the complaint. *Iqbal*, 556 U.S. at 678 (citation omitted). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity," and determine whether it is plausible, based upon these facts, to find against the defendant. *Id.* at 663-64, 678-79 ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

**D. Bid Protests**

The Tucker Act grants this Court jurisdiction over bid protests brought by "an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement." 28 U.S.C. § 1491(b)(1). To have standing to pursue a bid protest action, a protestor must be an "interested party." *Id.* And so, if the Court determines that a protestor is not an interested party, the Court must dismiss the case. *Rex Servs. Corp. v. United States*, 448 F.3d 1305, 1308 (Fed. Cir. 2006); *see* RCFC 12(b)(1).

The United States Court of Appeals for the Federal Circuit has applied the Competition in Contracting Act's ("CICA") definition of the term "interested party" in bid protest matters. *Am. Fed. of Gov. Employees, AFL-CIO v. United States*, 258 F.3d 1294, 1302 (Fed. Cir. 2001); *see also* 31 U.S.C. § 3551 (2009); *CGI Federal Inc. v. United States*, 779 F.3d 1346, 1348 (Fed. Cir. 2015). In this regard, CICA defines the term "interested party" to mean an "actual or prospective bidder or offeror whose direct economic interest would be affected by the award of the contract or by failure to award the contract." 31 U.S.C. § 3551(2). The Federal Circuit has held that "'[a] protest will, by its nature, dictate the necessary factors for a 'direct economic interest.'" *Sys. App. & Techs., Inc. v. United States*, 691 F.3d 1374, 1382 (Fed. Cir. 2012); *Weeks Marine, Inc. v. United States*, 575 F.3d 1352, 1361-62 (Fed. Cir. 2009); *see also Nat'l Air Cargo Grp., Inc. v. United States*, 126 Fed. Cl. 281, 292 (2016). To that end, the Federal Circuit has also adopted two tests to determine whether a protestor has a direct economic interest. In post-award bid protests, a protestor must prove a substantial chance of winning the contract, to have a direct economic interest that would be affected by the award of the contract. *See Orion Tech., Inc. v. United States*, 704 F.3d 1344, 1348 (Fed. Cir. 2013) (citing *Rex Servs. Corp.*, 448 F.3d at 1307). In pre-award bid protests, the protestor must show "a non-trivial competitive injury which can be redressed by judicial relief," to demonstrate a direct economic interest that would be affected by the award of the contract. *See Weeks Marine*, 575 F.3d at 1361-62 (internal quotations omitted).

**E. Breach Of Contract Claims Against The United States**

The Tucker Act also grants this Court jurisdiction to consider claims based "upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). The Court does not, however, possess jurisdiction to consider claims against the United States "based on

contracts implied in law. . . ." *Mitchell*, 463 U.S. at 218 (citing *Merritt v. United States*, 267 U.S. 338, 341 (1925)); *Aboo v. United States*, 86 Fed. Cl. 618, 626 (2009), *aff'd*, 347 F. App'x 581 (Fed. Cir. 2009).

To bring a valid contract claim against the United States in this Court, the underlying contract must be either express or implied-in-fact. *Aboo*, 86 Fed. Cl. at 626-27. To establish the existence of either an express or implied-in-fact contract with the United States, a plaintiff must show: (1) mutuality of intent; (2) consideration; (3) lack of ambiguity in the offer and acceptance; and (4) actual authority to bind the government in contract on the part of the government official whose conduct is relied upon. *Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012). A plaintiff must also support a claim with well-pleaded allegations going to each element of a contract. *See Crewzers Fire Crew Transp. Inc. v. United States*, 741 F.3d 1380, 1382 (Fed. Cir. 2014) (holding that to invoke the jurisdiction of this Court under the Tucker Act, a plaintiff must present a well-pleaded allegation that its claims arose out of a valid contract with the United States); *see also* RCFC 9(k) ("In pleading a claim founded on a contract or treaty, a party must identify the substantive provisions of the contract or treaty on which the party relies.").

**F. Fifth Amendment Takings**

Lastly, this Court also has exclusive jurisdiction to consider Fifth Amendment takings claims in excess of $10,000. 28 U.S.C. § 1491(a); *see also Acceptance Ins. Cos. Inc. v. United States*, 503 F.3d 1328, 1336 (Fed. Cir. 2007). The Takings Clause of the Fifth Amendment guarantees just compensation whenever private property is "taken" for public use. U.S. Const. amend. V. And so, to have a cause of action for a Fifth Amendment takings, a plaintiff must point to a protectable property interest that is asserted to be the subject of the takings. *See Phillips v. Wash. Legal Found.*, 524 U.S. 156, 164 (1998) ("Because the Constitution protects rather than creates property interests, the existence of a property interest is determined by reference to 'existing rules or understandings that stem from an independent source such as state law.'") (quoting *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)).

While takings claims fall within the jurisdiction of the Court, a takings can only occur "when the underlying governmental action is valid and authorized." *Wagstaff v. United States*, 105 Fed. Cl. 99, 110 (2012); *see also Eversleigh v. United States*, 24 Cl. Ct. 357, 359 (1991) ("A

taking claim may only be based on the Government's rightful exercise of its property, contract, or regulatory powers.") (citation omitted). And so, to establish a cognizable takings claim, a plaintiff must concede the validity of the government's action in order to proceed. *Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 802 (Fed. Cir. 1993).

The courts have traditionally divided their analysis of Fifth Amendment takings into two categories–regulatory takings and physical takings. The Federal Circuit has recognized that "[g]overnment action that does not directly appropriate or invade, physically destroy, or oust an owner from property but is overly burdensome may be a regulatory taking." *A & D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1151 (Fed. Cir. 2014). In assessing whether a regulatory takings has occurred, courts generally employ the balancing test set forth in *Penn Central*, weighing the character of the government action, the economic impact of that action and the reasonableness of the property owner's investment-backed expectations. *Penn Central Transp. Co. v. City of New York*, 438 U.S. 104, 124-25 (1978). "The general rule at least is that while property may be regulated to a certain extent, if regulation goes too far it will be recognized as a taking." *Penn. Coal Co. v. Mahon*, 260 U.S. 393, 415 (1922); *see also Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 537 (2005) (holding a regulation is a takings if it is "so onerous that its effect is tantamount to a direct appropriation or ouster").

In contrast, physical or *per se* takings occur when the government's action amounts to "a permanent physical occupation" or invasion of the property. *.Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 434-35 (1982). When an owner has suffered a physical invasion of his property, the United States Supreme Court has noted that "no matter how minute the intrusion, and no matter how weighty the public purpose behind it, we have required compensation." *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1015 (1992). The distinction between a physical invasion and a governmental activity that merely impairs the use of that property turns on whether the intrusion is "so immediate and direct as to subtract from the owner's full enjoyment of the property and to limit his exploitation of it." *United States v. Causby*, 328 U.S. 256, 265 (1946).

## IV. LEGAL ANALYSIS

The government moves to dismiss this action upon two grounds. *See generally* Def. Mot. First, the government argues that the Court should dismiss this matter pursuant to RCFC 12(b)(1)

for lack of subject-matter jurisdiction, because plaintiff fails to identify a money-mandating source of law under which the Court may exercise jurisdiction. *Id.* at 3-5. Second, the government also moves to dismiss this matter pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief may be granted, because plaintiff fails to specify any facts which would entitle plaintiff to relief. *Id.* at 5-6. For the reasons set forth below, the Court agrees that plaintiff fails to identify a money-mandating source of law to support his bid protest and breach of contract claims and that plaintiff fails to state a plausible takings claim in the amended complaint. And so, the Court **GRANTS** the government's motion to dismiss. In addition, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and **DENIES** as moot plaintiff's remaining motions, for confidential alternative dispute resolution proceedings; for a more definite statement; for joinder of party; for a preliminary injunction; for pleading special matters; for leave to file a motion for judgment on the pleadings, for entry of default; and for default judgment.

### A. Plaintiff Fails To Identify A Money-Mandating Provision Of Law

#### 1. Plaintiff Lacks Standing To Bring His Bid Protest Claim

As an initial matter, the Court must dismiss plaintiff's purported bid protest claim for lack of subject-matter jurisdiction, because plaintiff lacks standing to bring a bid protest action. A plain reading of the amended complaint shows that plaintiff is not an "interested party" with standing bring a bid protest claim. It is well-established that the Tucker Act grants this Court jurisdiction to consider bid protest claims brought by "an interested party objecting to a solicitation by a federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement." 28 U.S.C. § 1491(b)(1); *see also Rex Servs. Corp.*, 448 F.3d at 1308. And so, to be an "interested party" with standing to bring a bid protest claim in this case, plaintiff must establish that he is an "actual or prospective bidder or offeror whose direct economic interest would be affected by the award of the contract or failure to award the contract." 31 U.S.C. § 3551(2).

Plaintiff alleges no facts in the amended complaint to show that he is an actual or prospective bidder who is objecting to a solicitation by a federal agency. *See generally* Am. Compl. Rather, plaintiff alleges in the amended complaint that, on January 21, 2015, he mailed a

sample of cannabinoids to the United States Department of Justice and to the United States District Court for the District of New Jersey, and that the government failed to perform the obligatory duty of procuring, or capturing, plaintiff's property, as required by 50 U.S.C.A. § 212. *Id.* at 6-7. Because plaintiff fails to demonstrate that he is an "interested party" with respect to a government procurement, plaintiff lacks standing to bring his bid protest claim. And so, the Court must dismiss this claim pursuant to RCFC 12(b)(1).[3]

**2. The Court May Not Consider Plaintiff's Breach Of Contract Claim**

The Court similarly does not possess jurisdiction to consider plaintiff's breach of contract claim, because plaintiff has not demonstrated that he has entered into a valid contract with the government. It is well-established that the Court possesses jurisdiction to consider claims based "upon any express or implied contract with the United States" under the Tucker Act. 28 U.S.C. § 1491(a)(1). But, the Court may not consider plaintiff's breach of contract claim, unless plaintiff shows that he has entered into a valid contract with the United States. *Kam-Almaz*, 682 F.3d at 1368 (holding that to establish the existence of either an express or implied-in-fact contract with the United States, a plaintiff must show: (1) mutuality of intent; (2) consideration; (3) lack of ambiguity in the offer and acceptance; and (4) actual authority to bind the government in contract on the part of the government official whose conduct is relied upon).

The Federal Circuit has also held that "the essence of a unilateral contract is that one party's promise is conditional upon the other party's performance of certain acts and when the other party performs, the first party is bound." *Wells Fargo Bank v. United States*, 88 F.3d 1012, 1019 (Fed. Cir. 1996) (citations omitted). And so, to establish the existence of a unilateral contract with the government here, plaintiff must show–with well-pleaded factual allegations–that he has performed certain acts based upon a promise of some kind by the government. *Id.*; *see Crewzers Fire Crew Transp. Inc.*, 741 F.3d at 1382 (holding that to invoke the jurisdiction of this Court under the Tucker Act, a plaintiff must present a well-pleaded allegation that its claims arose out of a valid contract with the United States); *see also* RCFC

[3] The Court also does not possesses jurisdiction to consider plaintiff's related requests for declaratory and injunctive relief.

9(k) ("In pleading a claim founded on a contract or treaty, a party must identify the substantive provisions of the contract or treaty on which the party relies.").

Plaintiff fails to establish the existence of an implied unilateral contract with the government. In this case, plaintiff alleges that he has entered into a valid unilateral contract with the government by depositing a sample of cannabinoids with the United States District Court for the District of New Jersey. Pl. Opp. at 2. Plaintiff also relies upon *Lucas v. United States*, in which the United States Court of Claims held that a unilateral contract with the government existed where participants in a government-sponsored competition were required to submit entries in return for a promise to be considered for an award of a prize.[4] Pl. Opp. at 2 (citing *Lucas v. United States*, 25 Cl. Ct. 298, 304 (1992)). But, *Lucas* is unlike this case, because plaintiff does not allege any facts in the amended complaint to support–or even suggest–that he has acted in response to a promise from the government. *See generally* Am. Compl.; Pl. Opp.

Plaintiff's argument that a unilateral contract with the government can be implied based upon his decision to deposit a sample of cannabinoids with the district court is also misguided. Pl. Opp. at 2. Even if the Court accepts the factual allegations in the amended complaint as true, plaintiff points to no promise upon the part of the government that was conditioned upon plaintiff's act of depositing these cannabinoids. *See generally* Am. Compl.; Pl. Opp. Absent such a promise from the government, no unilateral contract can exist. *Wells Fargo Bank*, 88 F.3d at 1019. And so, the Court must dismiss plaintiff's breach of contract claim for lack of subject-matter jurisdiction. RCFC 12(b)(1).

**B. Plaintiff Fails To Allege A Plausible Takings Claim**

The Court must also dismiss plaintiff's takings claim, because plaintiff does not allege that the government action at issue is valid and authorized. While the Court generally possesses jurisdiction to consider takings claims, the Court must dismiss plaintiff's takings claim here, because plaintiff fails to state a plausible takings claim in the amended complaint. *See* Am. Compl. This Court has long recognized that a takings can only result "when the underlying governmental action is valid and authorized." *Wagstaff*, 105 Fed. Cl. at 110. In addition, the

[4] Specifically in *Lucas*, the Court of Claims held that a unilateral contract with the government was created when the plaintiff submitted a design in response to a government-sponsored competition for the design of a war memorial and won a prize of $20,000. *Lucas*, 25 Cl. Ct. at 301.

Federal Circuit has held that a plaintiff must concede the validity of the government's action in order to proceed with a takings claim. *Tabb Lakes, Ltd.*, 10 F.3d at 802. But, even if the Court accepts as true plaintiff's allegation that he is the owner of property that has been taken by the government, plaintiff does not allege that the government's action was lawful in the amended complaint. Am. Compl. at 4. Rather, plaintiff alleges in the amended complaint that the government's "*unconstitutional* and *prejudicial* classification . . . has consequently enable[ed] the Controlled Substance [sic] Act (21 U.S.C. § 881(a)) to prohibit and affirmatively forfeit all property rights secured in U.S. Patent No. 6630507." *Id.* (emphasis supplied). And so, the Court must dismiss plaintiff's takings claim for failure to state a claim upon which relief may be granted. RCFC 12(b)(6).

A careful reading of the amended complaint also shows that plaintiff actually seeks to challenge the classification of cannabinoids as a schedule one controlled substance under the Controlled Substances Act in this case. *Id.* at 2. As the government correctly observes in its motion to dismiss, the United States district courts possess exclusive jurisdiction to consider claims related to the Controlled Substances Act. Def. Mot. at 5; *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001)). And so, to the extent that plaintiff seeks to bring a claim under the Controlled Substances Act here, the Court must dismiss this claim. RCFC 12(b)(1).[5]

### C. The Court Grant's Plaintiff's Motion To Proceed *In Forma Pauperis*

The Court will, however, grant plaintiff's motion seeking a waiver of the Court's filing fee. On August 26, 2016, plaintiff filed a motion for leave to proceed *in forma pauperis* upon the ground that he lacks sufficient resources to pay the Court's filing fee. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*. This Court may authorize commencement of a suit without prepayment of fees when a person submits an affidavit including a statement of all assets such person possesses, a declaration that he or she is unable to pay the fees, and a statement of the nature of the action and a belief that he or she is entitled to redress. *See* 28 U.S.C. § 1915(a)(1) (1996). Due to the Court's summary disposition of this case, and plaintiff's *pro se* status, the

[5] Plaintiff previously brought these same claims in the United States District Court for the District of New Jersey, which dismissed the claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Am. Compl. Ex. A. And so, a transfer of this case to the district court would not be in the interest of justice. 28 U.S.C. § 1631 (1982).

Court finds that plaintiff satisfies the statutory requirements to proceed *in forma pauperis* for the purpose of resolving the government's renewed motion to dismiss. And so, the Court grants plaintiff's motion to proceed *in forma pauperis*.

### D. The Court Must Deny Plaintiff's Remaining Motions As Moot

As a final matter, plaintiff has filed several other motions in this matter. Specifically, on September 19, 2016, plaintiff filed a motion for confidential alternative dispute resolution. *See generally* Pl. Mot. for Confidential Alternative Disp. Resol. Plaintiff filed a motion for a more definite statement on November 4, 2016. *See generally* Pl. Mot. for a More Definite Statement. In addition, plaintiff filed a motion for joinder of party on January 17, 2017 and a motion for preliminary injunction on January 30, 2017. *See generally* Pl. Mot. for Joinder; Pl. Mot. for Prelim. Inj. On February 14, 2017, plaintiff filed a motion for pleading special matters. *See generally* Pl. Mot. Pleading Special Matters. On April 10, 2017, plaintiff also filed a motion for leave to file a motion for judgment on the pleadings. *See generally* Pl. Mot. for Leave to File Mot. for Judgment on the Pleadings. Lastly, on May 5, 2017 plaintiff filed a motion for entry of default and a motion for default judgment. *See generally* Pl. Mot. for Entry of Default; Pl. Mot. For Default Judgment.

Because the Court has determined that it does not possess subject-matter jurisdiction to consider plaintiff's bid protest and breach of contract claims, and that plaintiff fails to state a plausible takings claims, the Court dismisses plaintiff's motions as moot. *See, e.g.*, *Wojtczak v. United States*, No. 12-449C, 2012 WL 4903025, at *4 (Fed. Cl. Oct. 17, 2012) ("Because . . . plaintiff still has not raised allegations over which this court has jurisdiction, the court denies these motions as moot.").

## V. CONCLUSION

In sum, a plain reading of the amended complaint shows that this Court does not possess subject-matter jurisdiction to consider plaintiff's bid protest and breach of contract claims. In addition, the Court may not entertain plaintiff's takings claim, because plaintiff fails to state a plausible takings claim in the amended complaint. Lastly, to the extent plaintiff seeks to challenge the classification of cannabinoids under the Controlled Substance Act, this Court also lacks subject-matter jurisdiction to consider this claim.

And so, for the foregoing reasons, the Court:

(1) **GRANTS** the government's motion to dismiss;

(2) **GRANTS** plaintiff's motion to proceed *in forma pauperis*;

(3) **DENIES** as moot plaintiff's motion for confidential alternative dispute resolution proceedings;

(4) **DENIES** as moot plaintiff's motion for a more definite statement;

(5) **DENIES** as moot plaintiff's motion for joinder of party;

(6) **DENIES** as moot plaintiff's motion for a preliminary injunction;

(7) **DENIES** as moot plaintiff's motion for pleading special matters;

(8) **DENIES** as moot plaintiff's motion for leave to file a motion for judgment on the pleadings;

(9) **DENIES** as moot plaintiff's motion for entry of default; and

(10) **DENIES** as moot plaintiff's motion for default judgment.

The Clerk is directed to **ENTER** final judgment in favor of the government, and to **DISMISS** the amended complaint. No costs.

**IT IS SO ORDERED.**

LYDIA KAY GRIGGSBY
Judge