**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-1073C
Filed: July 21, 2017
NOT FOR PUBLICATION

**FILED**
**JUL 21 2017**
U.S. COURT OF
FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| JEFFREY NATHAN SCHIRRIPA, | ) | |
| | ) | RCFC 59(a), Motion for Reconsideration. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

*Jeffrey Nathan Schirripa*, Kinnelon, NJ, plaintiff *pro se*.

*Lauren S. Moore,* Trial Attorney, *Steven J. Gillingham*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Chad A. Readler*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR RECONSIDERATION**

GRIGGSBY, Judge

**I.   INTRODUCTION**

On July 5, 2017, plaintiff filed a motion requesting reconsideration of the Court's June 9, 2017, Memorandum Opinion and Order, granting the government's motion to dismiss and denying several motions filed by plaintiff as moot, pursuant to Rule 59(a)(1)(C) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons set forth below, the Court **DENIES** plaintiff's motion.

**II.   BACKGROUND**

In this action, plaintiff alleges bid protest, breach of contract, and takings claims against the United States and he seeks to, among other things, enjoin the government from enforcing the Controlled Substance Act, 21 U.S.C. § 881(a), with respect to cannabinoids. *See generally* Compl.; Am. Compl. On June 9, 2017, the Court issued a Memorandum Opinion and Order

1

7017 1450 0000 1346 3073

dismissing this case for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted, pursuant to RCFC 12(b)(1) and (6), because plaintiff lacks standing to bring his bid protest claim; the Court does not possess jurisdiction to consider plaintiff's breach of contract claim; and plaintiff fails to allege a plausible takings claim in the amended complaint. *See generally* June 9, 2017, Memorandum Opinion and Order.

On July 5, 2017, plaintiff filed a motion for reconsideration of the Court's June 9, 2017, Memorandum Opinion and Order, pursuant to RCFC 59(a)(1)(C). *See generally* Pl. Mot. In the motion for reconsideration, plaintiff seeks reconsideration of the Court's decision, because he alleges that the decision "contains mistakes of facts [sic], and overlook[s] material facts/evidence that are absolutely essential for establishing that Plaintiff is an 'interested party' in his bid-protest claim, and [in] proving the existence of a valid unilateral-implied contract between Plaintiff and Defendant." *Id.* at 2. Specifically, plaintiff alleges that the Court's decision contains factual errors because "U.S. Patent No. 6630507 was issued to the United States" and "[o]n January 21, 2015, Plaintiff deposited a sample of U.S. Patent No. 6630507 in this Court (not with the District Court of NJ . . . .)." *Id.* at 2-3. Plaintiff further alleges that "[t]he Court mistakenly overlooked the Plaintiff's Motion for Judicial Notice" and did not consider material facts.[1] *Id.* at 3. For these reasons, plaintiff alleges that extraordinary circumstances exist in this case and that a denial of his motion for reconsideration will result in "manifest injustice and irreparable injury" to plaintiff. *Id.* at 2-3. And so, plaintiff requests that the Court grant his motion for reconsideration or, alternatively, that the Court grant plaintiff's request for a hearing. *Id.* at 3.

## III. LEGAL STANDARD

Motions for reconsideration are governed by RCFC 59, which provides, in pertinent part, that:

> The court may, on motion, grant a new trial or a motion for reconsideration on all or some of the issues—and to any party—as follows . . .

---

[1] Plaintiff also states that he does not seek to challenge the classification of cannabinoids, but rather claims that his sample of U.S. Patent No. 6630507 must be lawfully subject to prize and capture. Pl. Mot. at 3.

> (C) upon the showing of satisfactory evidence, cumulative or
> otherwise, that any fraud, wrong, or injustice has been
> done to the United States.

RCFC 59(a)(1)(C). This Court has held that "[t]o prevail upon a motion for reconsideration under RCFC 59, the movant must identify a 'manifest error of law, or mistake of fact.'" *Shapiro v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 353, 361 (2012), *aff'd*, 503 F. App'x 952 (Fed. Cir. 2013) (quoting *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999)). "Specifically, the moving party must show: (i) an intervening change in controlling law; (ii) the availability of previously unavailable evidence; or (iii) the necessity of granting the motion to prevent manifest injustice." *Id.* at 361 (citing *Petro-Hunt, L.L.C. v United States*, 2012 WL 1957929, at *1 (Fed Cl. May 30, 2012); *see also Johnson v. United States*, 126 Fed. Cl. 558, 560 (2016). In addition, granting such relief requires "'a showing of extraordinary circumstances.'" *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting *Fru-Con Const. Corp.*, 44 Fed. Cl. at 300).

This Court has also held that motions for reconsideration "may not be used simply as 'an opportunity for a party to take a second bite at the apple by rearguing positions that have been rejected.'" *Johnson*, 126 Fed. Cl. at 560 (quoting *Shell Petroleum, Inc. v. United States*, 47 Fed. Cl. 812, 819 (2000)). And so, "[t]he decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Nat. Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990) (citations omitted).

## IV. LEGAL ANALYSIS

Plaintiff has not established that he is entitled to reconsideration of the Court's June 9, 2017, Memorandum Opinion and Order. In his motion for reconsideration, plaintiff does not argue that there has been an intervening change in the controlling law, or that previously unavailable evidence is now available. *See generally* Pl. Mot. And so, plaintiff must show that it is necessary for the Court to grant his motion for reconsideration in order to prevent manifest injustice. *Johnson*, 126 Fed. Cl. at 560. Plaintiff makes no such showing. *See generally* Pl. Mot.

In his motion for reconsideration, plaintiff argues that the Court's decision "contains mistakes of facts [sic], and overlook[s] material facts/evidence that are absolutely essential for establishing that Plaintiff is an 'interested party' in his bid-protest claim, and [in] proving the

3

existence of a valid unilateral-implied contract between Plaintiff and Defendant." *Id.* at 2. Plaintiff also argues that the denial of his motion for reconsideration will "result in manifest injustice and irreparable injury," because he will be denied "his lawful right" to a hearing on his claims. *Id.* at 2-3. But, plaintiff does not demonstrate the existence of extraordinary circumstances that would result in manifest injustice if his motion for reconsideration is denied. *Caldwell*, 391 F.3d at 1235 (Relief pursuant to RCFC 59(a) requires "'a showing of extraordinary circumstances.'") (quoting *Fru-Con Const. Corp.*, 44 Fed. Cl. at 300). And so, plaintiff has not shown that reconsideration of the Court's decision is warranted in this case.

In sum, a careful reading of plaintiff's motion for reconsideration shows that plaintiff has not demonstrated that he is entitled to relief under RCFC 59(a). And so, the Court must deny plaintiff's motion for reconsideration.[2]

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** plaintiff's motion for reconsideration.

**IT IS SO ORDERED.**

_____
LYDIA KAY GRIGGSBY
Judge

---

[2] In his motion for reconsideration, plaintiff argues that he filed a motion for judicial notice of adjudicative facts on October 13, 2016. Pl. Mot. at 3. The Court construed this filing to be a reply to the government's response to plaintiff's motion for confidential alternative dispute resolution (docket entry no. 9).